IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 2:13-00320

**REGINALD B. BENNETT**

RESPONSE OF THE UNITED STATES OF AMERICA
TO DEFENDANT'S STANDARD DISCOVERY REQUESTS, AND
REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 16.1(a) of the Local Rules of Criminal Procedure, and the Arraignment Order and Standard Discovery Request entered by the Court in this case on December 31, 2013, the United States of America, by counsel, herewith responds to each of defendant's Standard Discovery Requests as follows:

**Request A:** **Disclose to defendant the substance of any relevant oral statement made by defendant, whether before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial. [Fed. R. Crim. P. 16(a)(1)(A)]**

**Response:** Defendant gave multiple statements to law enforcement or in the presence of law enforcement agents that the United States intends to introduce in its case-in-chief. When defendant was asked about whether he had a Carrying Concealed Deadly Weapons permit, he admitted he did not have a permit for that firearm. Defendant denied being a felon and stated he owned the gun because he had a business. At the

station, it was learned that defendant was a convicted felon. Defendant was advised he was going to be charged as a felon in possession of a firearm. Defendant responded "It doesn't matter, it was 20 years ago." Defendant also advised a Kanawha Magistrate that he had a gun because he had a business in Cedar Grove and that his conviction was 20 years ago. All defendant's statements to law enforcement have been summarized in the report of investigation, attached to this report.

**Request B: Disclose to defendant and make available for inspection, copying or photographing, all of the following:**

**(i) Any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control; and the attorney for the government knows--or through due diligence could know--that the statement exists. [Fed. R. Crim. P. 16(a)(1)(B)(i)]**

**Response:** See A.

**(ii) The portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent. [Fed. R. Crim. P. 16(a)(1)(B)(ii)]**

**Response:** See A.

**(iii) The defendant's recorded testimony before a grand jury relating to the charged offense. [Fed. R. Crim. P. 16(a)(1)(B)(iii)]**

**Response:** This defendant did not testify before the grand jury.

**Request C:** Where the defendant is an organization, e.g., a corporation, partnership, association or labor union, disclose to the defendant any statement described in Fed. R. Crim. P. 16(a)(1)(A) and (B), if the government contends that the person making the statement (i) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or (ii) was personally involved in the alleged conduct constituting the offense and was legally capable to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent. [Fed. R. Crim. P. 16(a)(1)(C)]

**Response:** N/A.

**Request D:** Furnish the defendant with a copy of defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows--or through due diligence could know--that the record exists. [Fed. R. Crim. P. 16(a)(1)(D)]

**Response:** Defendant's criminal history is attached. Also, defendant's criminal record was provided by the probation department at the arraignment.

**Request E:** Permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any of those items, if the item is within the government's possession, custody or control, and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to defendant. [Fed. R. Crim. P. 16(a)(1)(E)]

**Response:** No objection to this request. Attached please find 106 bates pages of discovery relating to this case. The United States may use any of this evidence disclosed in its case-in-chief subject to the Fed. R. Crim.

3

**Request F:** Permit the defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific tests or experiment if (i) the item is within the government's possession, custody, or control; (ii) the attorney for the government knows--or through due diligence could know--that the item exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial. [Fed. R. Crim. P. 16(a)(1)(F)]

**Response:** See above.


**Request G:** Give to the defendant a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under Federal Rules of Criminal Procedure 16(b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. [Fed. R. Crim. P. 16(a)(1)(G)]

**Response:** The United States will qualify Rob Cunningham of the ATF as an expert in firearms. His CV is attached. A summary of his anticipated testimony is also attached. He will testify that the recovered firearm is, in fact, a firearm and is not manufactured in West Virginia. Consequently, the firearm traveled in interstate commerce.


**Request H:** Disclose to defendant all evidence favorable to defendant, including impeachment evidence, and allow defendant to inspect, copy or photograph such evidence.

4

**Response:** Defendant's statements re law enforcement were not recorded. Defendant's interaction with Ptl. Redden was not recorded by her in car camera because, after a period of time, the recordings are automatically purged for traffic related stops. Lt. Malone of Charleston PD can explain the process.

Defendant's fingerprints were not found on the firearm. The United States may qualify Steve King to explain that prints often are not found on objects. His CV is forthcoming as is a summary of his testimony.

**Request I: Notify defendant of all evidence the government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence.**

**Response:** The police observed what they believed to be marijuana "shake" on the dashboard of the vehicle. A photo of his is attached. The evidence was not preserved. This evidence is res gestate for the underlying extraction which lead to the discovery of the firearm. See United States v. Masters, 622 F.2d 82, 87 (4th Cir. 1980).

**Request J: Disclose to defendant all reports of government "mail cover," insofar as the same affects the government's case against the defendant or any alleged aiders and abettors or co-conspirators.**

**Response:** N/A.

**Request K:** Disclose to defendant any matter as to which the government will seek judicial notice.

**Response:** Charleston is within the Southern District of West Virginia.

**Request L:** Disclose to defendant and make available for inspection, copying or photographing, the results of any interception of a wire, oral or electronic communication in the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence could become known, to the attorney for the government, which contains any relevant statement made by the defendant or which is material to the preparation of the defendant's defense or which is intended for use by the government as evidence in its case-in-chief at the trial. For each such interception, disclose (1) any application for an order authorizing the interception of a wire or oral communication; (2) any affidavits filed in support thereof; and (3) any court order authorizing such interception.

**Response:** N/A.

**Request M:** Provide notice to defendant of the government's intention to use evidence pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure.

**Response:** The United States will introduce records to establish defendant was not pardoned by Maryland or West Virginia and is a prior convicted felon. Those records are certified, raised seal documents which will self-authenticate.

The United States reserves the right to use all information and evidence disclosed herein or made available for inspection and copying pursuant to this Response and such information and

evidence which may be discovered and finally provided to defendant.

Any discovery provided that is not mandated by Court order, the Federal Rules of Criminal Procedure, federal statute or federal case law, is provided voluntarily as a matter of discretion solely to expedite and facilitate litigation of this case.

REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

Pursuant to Rules 16.1(b) and 16.1(d) of the Local Rules of Criminal Procedure, the United States of America requests that defendant provide all applicable reciprocal discovery within 14 days of the service of this response and the provision of materials requested by defendant in the Standard Discovery Request.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney

By:
s/Erik S. Goes
ERIK S. GOES, WV Bar No. 6893
Assistant United States Attorney
300 Virginia Street, E. – Rm. 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email:erik.goes@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT'S STANDARD DISCOVERY REQUESTS, AND REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 13th day of January, 2014 to:

        Lex A. Coleman
        Assistant Federal Public Defender
        300 Virginia Street, East
        Room 3400
        Charleston, WV  25301

        /s/Erik S. Goes
        ERIK S. GOES
        Assistant United States Attorney
        WV Bar No.6893
        300 Virginia Street, East
        Room 4000
        Charleston, WV 25301
        Telephone:  304-345-2200
        Fax: 304-347-5104
        Email:erik.goes@usdoj.gov