**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**UNITED STATES OF AMERICA**

vs. Case No. 2:13-cr-00320

**REGINALD B. BENNETT**

## MOTION TO REVOKE DETENTION ORDER

Comes the defendant, through his undersigned counsel, and pursuant to 18 U.S.C. § 3145(b) moves to revoke the December 31, 2013 detention order entered by United States Magistrate Judge Dwane L. Tinsley. As grounds, defendant submits that he is not a risk of flight and that conditions plainly do exist which if imposed would ensure his appearance at all future court proceedings, while separately ensuring the safety of any community in which he works or resides. In further support of his motion, defendant states the following:

**1.** When a district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release. *See e.g. United States v. Rueben*, 974 F.2d 580, 585-586 (5th Cir. 1992); *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989); *United States v. Williams*, 753 F.2d 329, 331 (4th Cir. 1985). A transcript of defendant's detention hearing is already in the Court's record of the case.

**2.** The Bail Reform Act provides that if, after holding a hearing, the court finds that no "condition or combination of conditions will reasonably assure the appearance of

the person as required, and the safety of any other person and the community," that court shall order the detention of the person before trial. 18 U.S.C. § 3142(e). The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include: (a) the nature and circumstances of the offenses charged; (b) the weight of the evidence against the person; (c) the history and characteristics of the person, including family ties, the person's character, ties to the community, and criminal history; and (d) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In order to sustain the detention order, the government must demonstrate by a preponderance of the evidence that detention is necessary to reasonably assure the appearance of the defendant at future court proceedings. *United States v. Stewart*, 19 Fed. Appx. 46, 48 (4th Cir. 2001).

**3.** With regard to risk of flight as a basis for detention, the government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure defendant's presence at future court proceedings. *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

**4.** Within this analytical framework, the Bail Reform Act contains a presumption in favor of release on personal recognizance or on "an unsecured appearance bond in an amount specified by the court." 18 U.S.C. § 3142(b). The Supreme Court of the United States has upheld the Bail Reform Act as constitutional specifically because it "carefully limits the circumstances under which detention may be sought to the most serious of crimes." *United States v. Salerno*, 481 U.S. 739, 747 (1987). Despite enactment of the Act, "liberty is the norm, and detention prior to trial or without trial is

the carefully limited exception." *Id.; accord*, *United States v. Taitz*, 130 F.R.D. 442, 444 (S.D.Cal. 1990). Even in rebuttable presumption cases involving drug traffickers - at least one circuit has held that "it is only a limited group of offenders who should be denied bail pending trial." *Shakur*, 817 F.2d at 195 (quoting S. Rep. No. 225, 98th Cong., 2nd Sess. 7, reprinted at 1984 U.S.C.C.A.N. 3182, 3189).

**5.** In "risk of flight" cases, the mere opportunity or incentive to flee are not sufficient to show serious risk of flight. *United States v. Hinder*, 797 F.2d 156, 162 (3d Cir. 1986). Similarly, the mere possibility of flight is not enough. The standard is "reasonable assurance" that the defendant will appear at trial. The court cannot order detention merely because there are no conditions that would guarantee the defendant's appearance at trial. *See United States v. Jones*, 804 F. Supp. at 108 (citing *United States v. Orta*, 760 F.2d 887, 891-92 (8th Cir. 1985)).

**6.** At least one United States Court of Appeals has held that this Court must first make a finding of whether the defendant presents a risk of flight if not detained. If he does, then the Court must separately examine whether there are conditions or a combination of conditions which reasonably will assure the presence of the defendant at trial if he is released. Again, the burden of proof is on the government to prove (not just argue) the absence of such conditions by a preponderance of the evidence. *United States v. Shakur*, 817 F.2d 189, 194-95 (2nd Cir.), *cert. denied*, 484 U.S. 840 (1987); *accord United States v. Trolinger*, 89 F. Supp.2d 386 (W.D.N.Y. 1999); *see also United States v. Garcia*, 801 F. Supp. 258 (S.D. Iowa 1992).

**7.** The purpose of a § 3142(b) risk of flight determination is not to detain habitual criminals or deceitful persons; it is to secure the appearance of the accused at trial. *United States v. Himler*, 797 F.2d 156, 161-162 (3rd Cir. 1986).

**8.** Defendant is charged with being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). If Mr. Bennett is convicted, he will be exposed to a term of imprisonment of <u>not</u> <u>more</u> than 10 years. There is no rebuttable presumption favoring detention in this case.

**9.** The nature and circumstances of the offense charged are that a .38 caliber revolver was found inside a vehicle operated by the defendant, after he was supposedly stopped for having overly tinted windows and for being observed using a cell phone. Mr. Bennett's charge involves a status crime.

**10.** Defendant's only meaningful criminal history relates to an armed robbery conviction out of Maryland that is now 20 years old.

**11.** Neither the government's proof nor the contents of the pretrial services report support the Magistrate's ultimate conclusions that no condition or combination of conditions could assure the safety of the community and/or defendant's presence for further proceedings in his case. To the contrary, conditions and/or combinations of conditions plainly <u>do</u> exist as alternatives to pretrial detention which would ensure the safety of the community and the defendant's appearance for proceedings in this case. Case in point, Mr. Bennett may reside in the home of his girlfriend, who owns her home in Dunbar; he may return to the residence he was occupying in Cedar Grove over the business he was buying (although his ability to so with the passage of time is diminishing) and continue to operate his business; he can be subject to electronic

monitoring.  Other conditions exist under the Bail Reform Act which can be imposed to ensure Mr. Bennett's appearance for any court proceedings in his case, while ensuring the safety of any community in which he works and/or resides.

The policies inherent in 18 U.S.C. § 3142 purportedly weigh against pretrial detention and sanction its use only as a last resort.  Defendant should be granted bond and released until such time as a jury, court, or other authorized finder of fact adjudges him guilty of the charges against him.

Date:  January 28, 2014.                    Respectfully submitted,

**REGINALD B. BENNETT**

By Counsel

**BRIAN J. KORNBRATH**
**ACTING FEDERAL PUBLIC DEFENDER**

**s/ Lex A. Coleman**
Lex A. Coleman, WV Bar No. 10484
Assistant Federal Public Defender
Counsel for Defendant
United States Courthouse, Room 3400
300 Virginia Street East
Charleston, West Virginia  25301
Telephone: (304) 347-3350
Facsimile:   (304) 347-3356
E-mail: lex_coleman@fd.org

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**UNITED STATES OF AMERICA**

vs.  Case No. 2:13-cr-00320

**REGINALD B. BENNETT**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **MOTION TO REVOKE DETENTION ORDER** has been electronically filed with the Clerk of Court this date using the CM/ECF system and served upon opposing counsel as follows

| | |
|---|---|
| **VIA CM/ECF:** | Erik S. Goes<br>Assistant United States Attorney<br>United States Courthouse, Room 4000<br>300 Virginia Street East<br>Charleston, West Virginia 25301<br>Email: erik.goes@usdoj.gov |
| **DATE**: January 28, 2014 | **s/ Lex A. Coleman**<br>Lex A. Coleman, WV Bar No. 10484<br>Assistant Federal Public Defender<br>Counsel for Defendant<br>United States Courthouse, Room 3400<br>300 Virginia Street East<br>Charleston, West Virginia  25301<br>Telephone: (304) 347-3350<br>Facsimile:  (304) 347-3356<br>E-mail: lex_coleman@fd.org |