IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:13-cr-00320

REGINALD B. BENNETT

UNITED STATES RESPONSE TO DEFENDANT'S
MOTION TO REVOKE DETENTION ORDER

The United States of America, by Erik S. Goes, Assistant United States Attorney for the Southern District of West Virginia, respectfully requests this Court deny Defendant's Motion to Revoke the Detention Order, issued by United States Magistrate Judge Dwane L. Tinsley on December 31, 2013. As defendant poses a danger to himself, society at large, and is a flight risk, detention is appropriate in the instant case.

I.   **Background**

Defendant was indicted for being a felon in possession of a firearm on December 18, 2013. Defendant's indictment stems from a stop of defendant on September 12, 2013 wherein he was allegedly found in possession of a firearm. Defendant has a prior felony conviction of Robbery with a Dangerous and Deadly Weapon from Howard County, Maryland in January, 1995. Defendant was arrested on the federal warrant on December 20, 2013.

Following defendant's arrest, arraignment and detention hearings were conducted on December 30, 2013. In anticipation of the detention hearing, a Pre-Trial Services Report was prepared. The Pre-Trial Services Report recommended detention of the defendant throughout the proceedings.

### A. The Detention Hearing

On December 30, 2013, a detention hearing was conducted before United States Magistrate Judge Dwane L. Tinsley. <u>See</u> Transcript of Detention Hearing Proceedings, <u>United States v. Reginald Bennett</u>, Criminal No. 2:13-00320 (hereinafter T.), which transcript is attached as Exhibit 1. At the hearing, testimony was offered by Detectives Morris and Whittington,[1] as well as defendant's girlfriend, Jennifer Allen. T. 8-39, 40-51, 52-57.

Specifically, Charleston Police Department Detective Owen Morris, with seven years' of law enforcement experience, provided testimony to support Government's position that defendant should be detained. T. 8-9.

---

[1] The United States called Detective Morris and rested its case. Defense counsel called Detective Whittington as its own witness. Both officers testified as to the facts of defendant's underlying crime and the circumstances of his arrest. Defense also called defendant's girlfriend, Jennifer Allen.

### 1. Detective Morris' testimony

Detective Morris testified as to how he initially encountered the defendant. T. 10. Specifically, Detective Morris testified that he observed defendant commit traffic violations. T. 10. Defendant's vehicle was stopped. T. 10. During the course of the stop, defendant was asked to step out of the car. T. 10.

Detective Morris testified that when defendant stepped out of the car, defendant reached under the driver's seat. T. 10. Concerned about their safety, defendant was removed from the car. T. 10. Patrolman Redden, the officer who initially conducted the stop, observed a firearm under the driver's seat and yelled "gun." T. 10. Defendant was temporarily detained while the police secured the weapon. T. 10.

Defendant was asked about the firearm and admitted that he did not have a carrying concealed weapon permit for the gun. T. 10. At the station, where defendant was initially charged with the state offense of Carrying a Concealed Deadly Weapon, the detectives ran a criminal background check. T. 11. They learned that defendant indeed had a prior felony conviction for Robbery with a Dangerous and Deadly Weapon. T. 11. Defendant stated to Detective Morris that his prior felony conviction did not matter, as it was more than 20 years ago. T. 11.

3

Defendant was presented to a state magistrate. T. 12. Defendant admitted ownership of the firearm to the state magistrate and explained that he had the firearm to protect his business. T. 12.

Detective Morris further testified as to the federal arrest of defendant on December 20, 2013. Defendant refused to turn himself in when contacted by law enforcement. T. 14.[2] Defendant refused due to his concern was that he would not see a magistrate until Monday, and he did not want to spend the weekend in jail. T. 15. Because defendant refused to turn himself in, Detective Morris and his partner, Detective Whittington searched for defendant, and found him in Charleston. T. 15.

Upon locating defendant, the officers asked defendant to get out of the car. T. 16. Defendant refused to go. T. 16. Detective Whittington reached inside defendant's vehicle while Detective Morris deployed a taser. T. 16. Detective Morris testified he deployed his taser, due to the circumstances of the

---

[2] Defendant learned of the indictment and attempted to turn himself in on Tuesday, December 17, 2013. T. 14. The warrant was not returned from Huntington until Thursday, December 19, 2013. T. 14. As the warrant was not prepared until Thursday evening, the police did not attempt an arrest until Friday, December 20, 2013. T. 14.

warrant, his [defendant's] prior conviction and for safety. T. 17.

After Detective Morris deployed a taser, defendant was removed from the vehicle. T. 17. Defendant continued to struggle with officers even once he was on the ground. T. 17. Specifically, defendant would not show his hands, and would not allow himself to be handcuffed. T. 17. Based on defendant's conduct, he was also charged with Obstruction in state municipal court. At the conclusion of Detective Morris' testimony, the United States rested.

### 2. Detective Whittington's testimony

Defense counsel called Detective Whittington as a defense witness. T. 40. Detective Whittington has seven years of law enforcement experience. T. 41. Whittington corroborated Detective Morris as to the stop of defendant's vehicle and defendant reaching under the seat. T. 45. Whittington also confirmed that a firearm was recovered from under defendant's seat. T. 45. Whittington overheard defendant state that he was a business owner and that was the why he carried a firearm. T. 45.

Detective Whittington testified as to the struggle in apprehending the defendant on December 20, 2013. T. 49. Whittington confirmed that defendant would not get out of the

car when asked to do so.  T. 49.  Whittington confirmed that a
taser was deployed to subdue defendant, and that defendant was
ultimately charged with Obstruction.  T. 49-50.

### 3. Jennifer Allen's testimony

Defendant also called Jennifer Allen, who admitted to being
defendant's girlfriend.  T. 54.  Ms. Allen denied observing
defendant with a gun at any time previously in their
relationship.  T. 58.  In fact, Ms. Allen stated she was
"surprised" to learn defendant had a gun.  T. 58.  Ms. Allen did
offer her house for defendant's home confinement.  T. 59.

### 4. Magistrate Judge Tinsley's Findings of Fact and Conclusions of Law

After evaluation of testimony, the Pre-Trial Services
Report and arguments of the parties, Magistrate Judge Tinsley
made findings of facts and conclusions of law.  Specifically,
the court found that, "after considering the testimony, and
reviewing the Pre-Trial Services Report and considering the
factors under 18 U.S.C. § 3142(g), the court finds that this
defendant is a danger to the community."  T. 68.

The court began its findings by noting that a felon in
possession is considered by the court to be a crime of violence.
T. 68.  The court further considered the circumstances under
which defendant was caught with the gun in stating "he should

6

not possess a firearm unless he goes through the proper steps to have that weapon." T. 68.

Magistrate Judge Tinsley also considered the circumstances surrounding defendant's possession of the gun, as well as defendant's criminal history. T. 68. The court focused on defendant's prior robbery conviction which also involved the use of a dangerous and deadly weapon. T. 68. Further, the magistrate judge also found defendant had a history of "not appearing in court proceedings on at least two occasions." T. 69. He continued his findings that "on at least two occasions, he [defendant] violated his probation." Defendant also "had prior charges of fleeing and resisting arrest." T. 69.

The court noted that defendant's "incompliance with the police officers when they tried to arrest him on December 20." T. 69. While the court acknowledged that the altercation "may be a bone of contention," the court found specifically that "defendant did not adhere to when the officers told him to exit the vehicle when they wanted him to get out." T. 69.

The court concluded that "considering all of those factors, the court finds by clear and convincing evidence that he [defendant] is a danger to the community and therefore finds that there are no conditions or combinations of conditions that would reasonably ensure its release." T. 69. Defendant was

7

remanded to the United States Marshals Service pending trial, presently scheduled for February 25, 2014.[3]

## II.  Standard of Review

Title 18, United States Code, Section 3145(b) authorizes review by the District Court of a Magistrate Judge's detention order.  "When the district court acts on a motion to revoke or amend a magistrate judge's detention order, the district court acts *de novo* and must make an independent determination of the proper pre-trial detention or conditions of release."  United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001)(citing United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992)).

In conducting its *de novo* review, the district court may rely on the record below and is not required to conduct an additional evidentiary hearing.  United States v. Ditrapano, 2006 WL 1805848, at * 1 (S.D. W.Va. June 28, 2006)(unpublished decision); citing United States v. King, 849 F.2d 485, 489-90 (11th Cir. 1988); United States v. Kyle, 49 F. Supp. 2d 526, 527 (W.D. Tex. 1999); United States v. Bergner, 800 F. Supp. 659, 661 (N.D. Ind.1992); United States v. Phillips, 732 F. Supp. 255, 258-59 (D. Mass. 1990).

---

[3] Pending is defendant's unopposed motion to briefly continue the trial for 30 days pending additional evaluation of evidence.

"Under the Bail Reform Act, release pending trial is warranted unless there exists no condition or combination of conditions that will 'reasonably assure the appearance of the person as required and the safety of any other person and the community.'" United States v. Boyd, 484 F. Supp. 2d 486, 487–88 (E.D. Va. 2007) (citing 18 U.S.C. § 3142(e); see also id. § 3142(g) (setting forth factors to be considered when determining whether the defendant poses a risk of flight or danger to others)).

The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . ., a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

> (2) the weight of the evidence against the person;

> (3) the history and characteristics of the person, including:

> (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history; and
> (b) whether at time of current offense, the person was on probation . . ., and record

concerning appearance at court proceedings;
and

(4) the nature and seriousness of the danger to
any person or the community that would be
posed by the person's release.  18 U.S.C. §
3142(g).

## III.  Discussion

Short of detention, no set of circumstances are sufficient conditions to reasonably ensure the appearance of this defendant and ensure the safety of the public.  When considering the factors to be considered pending release, defendant should remain in custody for the pendency of these proceedings.

Defendant is charged with being a felon in possession of a firearm.  This is a crime of violence.  See 18 U.S.C. § 3142(f)(1)(E); United States v. Spry, 76 F. Supp. 2d 719 (1999).

Both Detectives Whittington and Morris addressed the nature of the offense and the weight of the evidence.  This testimony included defendant's admission that he owned a firearm and did not have a concealed carry permit.  T. 10, 45.  The defendant repeated this admission in front of a state magistrate.  T.12. Defendant also suggested to Detective Morris that his prior felony conviction was irrelevant based on the age of the armed robbery conviction.  T.11. Detectives testified that they could find no record of pardon or restoration of civil rights.  T.11. Defendant's admissions, coupled with finding his gun under the

10

seat of his car establish both a crime of violence and a strong Government's case against defendant.

The record indicates, and the magistrate judge specifically found, that defendant had violated probation on two occasions and refused to show up for court proceedings. T.69. This finding underscores that defendant poses a risk of flight.[4]   The United States has shown by a preponderance of the evidence that no combination of release conditions can reasonably secure defendant's appearance at trial, and he should be detained pending trial.

Defendant's history and characteristics, as set forth in the Pre-Trial Services Report, reveal defendant is a repeat offender.  Defendant's most serious conviction is the Robbery with a Dangerous and Deadly Weapon, for which defendant was sentenced to prison for approximately nine years.  Defendant also has convictions for telephone harassment, and telephone harassment after warning to desist, fraud, bad check over $300, a probation violation and misdemeanor battery.

Defendant has had bond revoked and bench warrants issued for his failure to appear. T. 69. Defendant has pending

---

[4] The Court did not specifically make a finding with regard to defendant's flight as an independent grounds for detention, but rather, incorporated this finding into why defendant should be detained based on the grounds that defendant is a danger to himself or the community.

11

obstruction charges stemming from his struggle with law enforcement officers during his December 20, 2013 arrest. T. 18. Defendant has a history of disregarding the law and court orders.

When considering the risk of danger that a defendant poses to the community, this court often has little to go on beyond defendant's past behavior. Defendant's lengthy prison time did not dissuade him from carrying a firearm and resisting officers upon arrest.

**CONCLUSION**

Based on the foregoing, the United States submits that defendant should continue to be detained. Considering the nature and circumstances of the instant offense, the weight of the evidence against defendant, defendant's criminal history, and his risk of danger to the community, there are no conditions that will reasonably assure the safety of any person and the community, or his appearance as required.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney


s/Erik S. Goes
ERIK S. GOES
Assistant United States Attorney
WV State Bar No. 6893
300 Virginia Street, East
Room 4000
Charleston, West Virginia  25301
Telephone:  304-345-2200
Fax:  304-347-5705
E-mail: erik.goes@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "UNITED STATES RESPONSE TO DEFENDANT'S MOTION TO REVOKE DETENTION ORDER" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 30th day of January, 2014 to:


Lex A. Colemen
Assistant Federal Public Defender
300 Virginia Street, East
Room 3400
Charleston, West Virginia  25301


s/Erik S. Goes
ERIK S. GOES
Assistant United States Attorney
WV State Bar No. 6893
300 Virginia Street, East
Room 4000
Charleston, West Virginia  25301
Telephone:  304-345-2200
Fax:  304-347-5705
E-mail: erik.goes@usdoj.gov