**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

               Plaintiff,

v.                                        CRIMINAL ACTION NO. 2:13-cr-00320

REGINALD B. BENNETT,

               Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending are Defendant's sealed ex parte motions for issuance of two subpoenas pursuant to Federal Rule of Criminal Procedure 17(c) [ECF 22, 23].   He asks that the Court issue subpoenas duces tecum for two entities.   He further asks that the Court direct the District Clerk to turn over the subpoenaed records directly to Defendant in advance of trial. (*Id.*)

*I.     LEGAL STANDARDS*

Federal Rule of Criminal Procedure 17 governs the use and issuance of subpoenas duces tecum in criminal cases.   The Rule provides in pertinent part:

> **(a) Content.**   A subpoena must state the court's name and the title of the proceeding, include the seal of the court, and command the witness to attend and testify at the time and place the subpoena specifies.   The clerk must issue a blank subpoena--signed and sealed--to the party requesting it, and that party must fill in the blanks before the subpoena is served.

> **(b) Defendant Unable to Pay.** Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense.   If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas.

**(c) Producing Documents and Objects.**

      **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates.   The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence.   When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

      **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

      **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

For the defendant, Rule 17 implements the Sixth Amendment right to have compulsory process for obtaining witnesses in defendant's favor.   2 Wright *Federal Practice & Procedure: Criminal* § 271 (4th ed. 2013).    For the government, the Rule implements the public duty to testify, which every person within the jurisdiction of the government is bound to perform when properly summoned.   *Id.*   Rule 17(c) "reflects the command of the Sixth Amendment that the full power and processes of the courts are available to defendants in criminal cases to help them defend against the charges brought by the Government."   *United States v. Beckford*, 964 F. Supp. 1010, 1016 (E.D. Va. 1997).   The purpose of the Rule's allowance for pre-trial production of records is to "expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials."   *Bowman Dairy Co. v. United States,* 341 U.S. 214, 220 (1951).

2

The "delay-saving technique in Rule 17(c) clearly was not intended to displace the role of Rule 16 in circumscribing discovery to be allowed in criminal cases." *Beckford*, 964 F. Supp. at 1022. *See also Bowman Dairy Co.*, 341 U.S. at 220 (observing that Rule 17(c) not "intended to provide an additional means of discovery."); *United States v. Caro*, 597 F.3d 608, 620 (4th Cir. 2010) (noting that the district court did not abuse its discretion when it denied Caro's motions for Rule 17(c) subpoenas because a Rule 17(c) subpoena is not a substitute for the limited discovery in criminal cases and the hope of obtaining favorable evidence does not justify the issuance of such a subpoena); *United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991) ("If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused."); 2 Wright *Federal Practice and Procedure: Criminal* § 274 at 153 and n.16 (1982) ("[I]t has always been clear that Rule 17(c) was not intended as a discovery device. . . . ").

To secure pre-trial document production, the party seeking information under Rule 17(c) must show that the requested information is relevant, admissible and specific. *United States v. Nixon,* 418 U.S. 683, 699–700 (1974) (citing *United States v. Iozia,* 13 F.R.D. 335, 338 (S.D.N.Y. 1952). Under the test formulated in *Iozia*, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that application is made in good faith and is not intended as a general "fishing expedition." 13 F.R.D. at 338.

3

## II.    DISCUSSION

Defendant seeks issuance of two Rule 17(c) subpoenas ex parte and under seal.   Because Defendant has approached the Court ex parte in this matter, the Court must first decide that he is justified in proceeding in this extraordinary manner.   If he is not, examination of the merits of his motions is not warranted until and unless he makes his request after serving the United States with his motions and after the United States has had a fair opportunity to respond.

Although Rule 17(b) allows an ex parte application to a court by a defendant who is unable to pay witness fees, Rule 17(c) is silent about whether an ex parte application for pre-trial production of documents is permitted.   Some courts have found ex parte Rule 17(c) motions inappropriate.   *See, e.g.*, *United States v. Urlacher,* 136 F.R.D. 550, 555–56 (W.D.N.Y. 1991); *United States v. Peterson,* 196 F.R.D. 361, 361–62 (D.S.D. 2000).   Others have found that ex parte Rule 17(c) process may be available in limited circumstances such as where notice of a subpoena would compromise trial strategy or the source or integrity of evidence, or where a fundamental constitutional interest of a defendant is implicated.   *See United States v. Hang,* 75 F.3d 1275, 1281–82 (8th Cir. 1996); *United States v. Daniels,* 95 F. Supp.2d 1160, 1162–63 (D. Kan. 2000); *Beckford*, 964 F. Supp. at 1030 (E.D. Va. 1997).

In *United States v. Beckford*, the court observed that in "limited circumstances" a court may be warranted in exercising its discretion to permit a party to proceed with a Rule 17(c) subpoena request ex parte.   964 F. Supp. at 1030.   The court stated:

> In those rare situations where mere disclosure of the application for a pre-trial subpoena would: (i) divulge trial strategy, witness lists or attorney work-product; (ii) imperil the source or integrity of subpoenaed evidence; or (iii) undermine a fundamental privacy or constitutional interest of the defendant, the *ex parte* process could be available on a proper showing.

4

*Id.*  The court explained that an ex parte process might be proper in cases where a defendant sought his own mental or physical health, social service agency, or military service records where such information was pertinent to the case.  *Id.*  Another example given was "where state law enforcement agencies or courts have concluded investigations or proceedings and are not involved in the federal prosecution, subpoenas for those records might be obtainable by ex parte process where the requested records are obviously linked to a specific defense theory." *Id.*  The court emphasized, however, that in most cases, "it will not be necessary to disclose trial strategy, divulge witnesses or work product, or implicate a privacy right merely to make the application for issuance of a pre-trial subpoena duces tecum.  And, a party seeking to proceed *ex parte* will have to meet a heavy burden to proceed in that fashion." *Id.*

Defendant fails to meet his heavy burden to proceed ex parte in this matter.  His entire justification for proceeding ex parte is a lone, unadorned, and conclusory statement that the motion contains potential theories of the defense which the Government is not entitled to know at this time.  This is patently insufficient.  The Court acknowledges that past applications for Rule 17(c) subpoenas in other cases have been granted—some, perhaps, improvidently.  Any future applications for subpoenas duces tecum by shall be made in strict accordance with the requirements of this Memorandum Opinion.

### III.     CONCLUSION

Accordingly, the Court **STRIKES** Defendant's motions [ECF 22, 23] from the record.  In the event that Defendant is unable to obtain the discovery he seeks through traditional discovery channels, he has several options, including filing an appropriate motion with the Court, re-filing

his Rule 17(c) motions with proper service on the United States, or, upon a proper showing, proceeding in accordance with this Opinion.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel.

ENTER:       February 28, 2014

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE