UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

IN RE:

SEARCH WARRANT             MAGISTRATE NO. 2:14-00014


S E A L E D   O R D E R

For the reasons set forth by the United States in its Sealed
Motion To Seal Search Warrant Application and Affidavit, it is hereby
ORDERED:

1.   The United States Sealed Motion To Seal Search Warrant
Application and Affidavit is hereby GRANTED; and

2.   The Application and Affidavit for Search Warrant and all
attachments thereto shall REMAIN SEALED, until further order of this
Court.

The Clerk is directed to provide a copy of this Order to the
United States Attorney.

DWANE L. TINSLEY
United States Magistrate Judge

Enter: Feb. 14, 2014



GOVERNMENT
EXHIBIT
4-21-14
CASE
NO. 2:13-cr-220
Reginald Bennett
EXHIBIT
NO. 5

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

IN RE:

SEARCH WARRANT                    MAGISTRATE NO. 2:14-mj-00014


SEALED MOTION TO SEAL
SEARCH WARRANT APPLICATION AND AFFIDAVIT

Comes now the United States of America by Erik S. Goes, Assistant United States Attorney for the Southern District of West Virginia, and moves this Court to:

1.    Order that the Application and Affidavit for Search Warrant, and all attachments thereto, be filed under seal until further order of this Court.  The reasons why the foregoing documents should be filed under seal include protection of the ongoing investigation, and specifically to prevent the movement or destruction of the evidence which is alleged to be stored in a fully-operational vehicle, and the potential impact on parties if unproven criminal allegations are made public.

2.    There are no alternatives to sealing the entire Search Warrant because unsealing a redacted copy will not be sufficient to protect the integrity of the covert investigation if a redacted copy is unsealed.

3.    Order that this Motion be sealed.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney

s/Erik S. Goes
ERIK S. GOES
Assistant United States Attorney
WV State Bar No. 6893
300 Virginia Street, East
Room 4000
Charleston, West Virginia  25301
Telephone:  304-345-2200
Fax:  304-347-5705
E-mail: erik.goes@usdoj.gov

# UNITED STATES DISTRICT COURT

### for the

Southern District of West Virginia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>A black BMW, WV Registration 1JY401,<br>VIN #WBAPK5C58AA646568,<br>registered to Jennifer Alien | )<br>)<br>)<br>)<br>)<br>) |

Case No.    2:14-mj-00014

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Southern _____ District of _____ West Virginia _____
*(identify the person or describe the property to be searched and give its location):*

A black BMW, WV Registration 1JY401, VIN #WBAPK5C58AA646568, registered to Jennifer Alien at 13 Riverside Drive, South Charleston, WV 25303, which is described in Attachment A attached hereto.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized):*

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before _Feb 21, 2014_ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Dwane L. Tinsley _____
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____

Date and time issued:    _2/14/14  3:05 PM_

City and state:    _Charleston, West Virginia_

_____
*Judge's signature*

Dwane L. Tinsley, United States Magistrate Judge
*Printed name and title*

## Return

| Case No.:<br>2:14-mj-00014 | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

## Certification

     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

1. A black in color BMW, West Virginia registration 1JY401, VIN #WBAPK5C58AA646568. Registered to Jennifer Allen at 13 Riverside Drive, South Charleston, WV 25303. See attached photos.



West Virginia

1JY 401



1.  Books, records, receipts, notes, ledgers, and other papers relating to Reginald Bennett and or Ms. Allen and their involvement with firearms, ammunition, other storage units where the firearms may be stored.

2.  Photographs, including still photos, negatives, video tapes, films, undeveloped film and the contents therein, slides, in particular photographs of co-conspirators, or firearms.

3.  Address and/or telephone books, rolodex indices, electronic storage devices and any papers reflecting names, addresses, telephone numbers, pager numbers, fax numbers, and/or telex numbers of co-conspirators relating to the sale, disposal or trade of firearms.

4.  Indicia of ownership of the vehicle described herein, including, but not limited to, rental, purchase, or lease agreements and keys.

5.  Firearms and associated materials including, but not necessarily limited to, rifles, shotguns, semi-automatic rifles, pistols, revolvers, the frame or receiver of any such weapon, ammunition, clips/magazines, silencers, flash suppressors, tools, manuals, storage cases, receipts and other proofs of ownership, tripods, scopes, sights, and all other like property.

# UNITED STATES DISTRICT COURT

for the

Southern District of West Virginia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>A black BMW, WV Registration 1JY401,<br>VIN #WBAPK5C58AA646568,<br>registered to Jennifer Allen | )<br>)<br>)<br>)<br>)<br>) |

Case No.   2:14-mj-00014

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
A black BMW, WV Registration 1JY401, VIN #WBAPK5C58AA646568, registered to Jennifer Allen at 13 Riverside Drive, South Charleston, WV 25303, which is described in Attachment A attached hereto.

located in the _____Southern_____ District of _____West Virginia_____ , there is now concealed *(identify the person or describe the property to be seized):*
See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

The application is based on these facts:
See Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

C. Robert Cunningham, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Feb. 14, 2014

_____
*Judge's signature*

City and state:   Charleston, West Virginia

Dwane L. Tinsley, United States Magistrate Judge
*Printed name and title*

1. A black in color BMW, West Virginia registration 1JY401, VIN #WBAPK5C58AA646568. Registered to Jennifer Allen at 13 Riverside Drive, South Charleston, WV 25303. See attached photos.





1. Books, records, receipts, notes, ledgers, and other papers relating to Reginald Bennett and or Ms. Allen and their involvement with firearms, ammunition, other storage units where the firearms may be stored.

2. Photographs, including still photos, negatives, video tapes, films, undeveloped film and the contents therein, slides, in particular photographs of co-conspirators, or firearms.

3. Address and/or telephone books, rolodex indices, electronic storage devices and any papers reflecting names, addresses, telephone numbers, pager numbers, fax numbers, and/or telex numbers of co-conspirators relating to the sale, disposal or trade of firearms.

4. Indicia of ownership of the vehicle described herein, including, but not limited to, rental, purchase, or lease agreements and keys.

5. Firearms and associated materials including, but not necessarily limited to, rifles, shotguns, semi-automatic rifles, pistols, revolvers, the frame or receiver of any such weapon, ammunition, clips/magazines, silencers, flash suppressors, tools, manuals, storage cases, receipts and other proofs of ownership, tripods, scopes, sights, and all other like property.

<u>A F F I D A V I T</u>

STATE OF WEST VIRGINIA

COUNTY OF KANAWHA, to-wit:

I, G. Robert Cunningham, being duly sworn, do hereby depose and state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE"), and have been for approximately twelve (12) years and eight months. Prior to being employed as a Special Agent with the ATF, I was a sworn member of the West Virginia State Police for nine (9) years, where the majority of my time was spent assigned to the Bureau of Criminal Investigations.

2. I have routinely investigated numerous cases involving firearms related offenses, arsons, explosives theft, and explosive possession, as well as crimes of violence and the use, sale and possession of illegal controlled substances. I have routinely dealt with the trafficking and possession of illegal firearms, and the trafficking of assorted controlled substances. I have purchased controlled substances utilizing cooperating individuals in controlled-buy situations, as well as purchasing controlled substances myself in an undercover capacity. I am familiar with the appearance, packaging, paraphernalia and distribution of Cocaine (HCL), Crack, Heroin, Marijuana, LSD, Pharmaceuticals, Methamphetamines and other commonly-

1

used street drugs. I am also familiar with several tactics used by firearms traffickers, and illegal possessors of firearms to distribute, acquire, conceal and possess illegal firearms.

3.     I graduated from a ten (10) week criminal investigator-training course at the Federal Law Enforcement Training Center, where the course of study dealt with basic criminal-investigation techniques. In addition, I graduated from the Bureau of Alcohol, Tobacco and Firearms (ATF) New Professional Training (NPT) course, where a portion of the course of study dealt with violations of federal firearms laws, federal explosives laws, bomb scene investigation and arson investigation. Prior to being employed with the ATF, I completed a thirty (30) week training period at the West Virginia State Police Academy where part of the course of study dealt with criminal investigation, homicide investigation, drug identification, drug investigation techniques, and the laws regulating controlled substances. I successfully completed two (2) drug interdiction schools, a forty (40) hour basic narcotics identification and narcotics investigation course, a forty (40) hour undercover investigative techniques course, a DEA Methamphetamine-lab-detection course, an ATF Street Gang and Violent Crimes course and identification school and a forty (40) hour technical homicide investigation course. Further, I have worked in an undercover capacity in several areas of West Virginia and Kentucky purchasing controlled substances and

stolen property. I have a working knowledge and extensive experience in relation to the methods, terminology, and business practices employed by traffickers of firearms and illegal controlled substances.

4. I know that firearms, unlike various forms of controlled substances and contraband, are not consumed in use, and are typically stored in residences, vehicles, or places of safe haven for extended periods of time.

5. The following information has been provided to Special Agent Cunningham by working with some of the Charleston Police Department Law Enforcement officers involved in the investigation into the illegal possession of firearms by Reginald Bennett (hereinafter "defendant"). In addition, Special Agent Cunningham has reviewed Law Enforcement reports, listened to jail-house recordings, and otherwise assisted the Charleston Police Department with the federal investigation related to defendant, in order to establish the following facts:

A. On September 12, 2013 Detectives Whittington and Morris conducted a traffic stop on a black BMW bearing WV registration 1JY401 for a traffic violation. During the course of the traffic-stop, they identified the driver and sole occupant of the vehicle as defendant. A handgun (specifically, a .38 caliber revolver) was found under the driver seat of the vehicle. Defendant subsequently admitted to detectives that it was his gun and that he carried the gun to protect his businesses.

After running a criminal history on defendant, it was determined that he had a felony conviction for an armed robbery that had occurred in the state of Maryland. Defendant then admitted to the officers that this prior felony conviction was his. Defendant was threupon arrested for being a felon in possession of a firearm.

B.     Defendant was subsequently indicted by a Federal Grand Jury for being a Felon in Possession of a Firearm on December 17, 2013. A warrant was issued, which Detectives Whittington and Morris served on defendant on December 20, 2013.

C.     After the federal arrest of defendant, Detectives Whittington and Morris continued the investigation on defendant, assisted by the undersigned. In the month of January 2014, detectives obtained defendant's non-privileged recorded jail calls from the date of his incarceration to the present time of request.

D.     While reviewing these calls, detectives and the undersigned located and listened to a particular call that occurred on December 24, 2013, at 5:00 p.m. between a female identified as Ms. Jennifer Allen (hereinafter "Ms. Allen"), a male identified as Kevin [which investigation revealed to be defendant's brother] and defendant. During this call, defendant asks Ms. Allen what she is doing. Ms. Allen states that she and Kevin are on their way to defendant's apartment. Defendant immediately asks to speak with Kevin. Once Kevin is on the phone, defendant instructs Kevin on what to do while he is at his apartment.

E.	Specifically, defendant asks Kevin if he knows where everything is located. Then defendant goes into to detail as to where to find items that are hidden in the home that defendant wants removed and given to Ms. Allen. Specifically, defendant identifies one item that is hidden "under the counter with the sink on top of it." The defendant states the other items are located by putting a ladder up to the ceiling tile, getting a flashlight, and looking "really good" to get a "total of four." Defendant instructs Kevin to get all four of those items and to give them to Ms. Allen, and emphasizes that it is important. Further, in the same call and at defendant's instruction, Kevin repeats the instructions that defendant had given to Kevin to Ms. Allen to make sure she understood. Kevin tells defendant. "She got you. I got you."

F.	Based on a review of the phone call coupled with the undersigned's training and experience, it appears Ms. Allen and Kevin were instructed by defendant to remove contraband items from the defendant's apartment, namely firearms or similar contraband that would be hidden in defendant's residence in the manner suggested in the above-quoted phone call and referred to obliquely in that same conversation to prevent there being identifiers.

G.	Later the same day (December 24, 2014, at 9:30 p.m.), defendant speaks with Ms. Allen on a recorded jail call. Defendant expresses gratitude for Ms. Allen "doing all that stuff you did." Defendant also tells her that she is the only one he

can depend on that would do that. Ms. Allen states, "it was a lot" and that you "don't have a clue what I've put up with" or "what I've encountered" but, "I love you." Based on undersigned's review of the tapes, training and experience, it is reasonable to conclude that Ms. Allen is confirming the hidden unnamed items were successfully found and removed from defendant's home.

H.     Listening to further calls, Detective Morris and the undersigned reviewed a particular call that occurred on December 31, 2013 relating to Ms. Allen renting a storage unit for items taken from defendant's apartment. Detective Morris called and/or visited all storage facility's that could be located in and around the Charleston area, but was unable to locate a storage unit rented to Ms. Allen.

I.     Detectives Burton and Sgt. Eggleton approached Ms. Allen about the storage unit. She denied renting one. Ms. Allen admitted she was familiar with the black BMW. She stated this was her vehicle and that she had let defendant drive it. The black BMW is registered to her and has license 1JY401. Ms. Allen stated she "got rid" of the BMW.

J.     On January 4, 2014, Ms. Allen is again speaking with defendant on a recorded line. The undersigned's review of the recording of that conversation reveals that Ms. Allen asks the defendant "what was the color [pause] that was found." Defendant responds that "you should know." Ms. Allen then tells defendant that is

"not good" and she is extremely "nervous." Ms. Allen expresses concern that she will be in trouble. Based on a review of the phone call, training and belief, it appears defendant and Ms. Allen are speaking of the firearm that was taken from her car at the time of defendant's arrest. From the context of the call, it would appear there are other contraband objects, namely firearms, apart from the one found in the vehicle.

K.      In the undersigned's experience, non-law-enforcement people involved with firearms, particularly handguns, will use color to distinguish one firearm from another. Handguns are easily distinguished by color, as they may commonly be silver or black. It is far less common for people involved with illegal drugs to distinguish one kind of drug from another by color.

L.      On February 13, 2014, Detective Morris received defendant's recorded jail calls from the Carter County Detention Center where defendant had been temporarily transferred to due to a water-supply problem at South Central Regional Jail.

M.      While listening to these calls, Detective Morris and the undersigned located and listened to a call between Ms. Allen and defendant on January 23, 2014. During this call, defendant asks Ms. Allen about his car. Based on investigation and belief, this is the same black BMW, in which defendant was found with the firearm. Ms. Allen states to defendant that the car was not parked at her house.

Defendant asks Ms. Allen where the car is and she states that she is not going to say on a recorded line, but not to worry about it, it was in a safe place and she was starting it every couple of days. Defendant asks Ms. Allen if anyone was driving it. Ms. Allen responded no, "absolutely not," "I have items in it, remember?" Defendant then cut Ms. Allen off when she started to say more. Ms. Allen and defendant are speaking evasively about the items just as they were evasive about the color of the items from the January 4, 2014 phone call and objects removed from defendant's house.

N. On the evening of February 13, 2014, Detective Whittington located the above-referenced black BMW parked in the outdoor employee parking lot of Thomas Hospital located in South Charleston, West Virginia where Ms. Allen is employed. This is the same vehicle Ms. Allen was referencing with defendant as having items in it.

O. All of the above facts and circumstances taken together lead the affiant, an extensively trained law enforcement officer, to believe that the contraband items that were hidden and removed from defendant's apartment, namely, firearms, the frames or receivers or firearms and other items pertaining to the possession of firearms, including gun cases, ammunition, ammunition magazines, holsters, spare parts for firearms, firearms cleaning equipment, photographs of firearms or of persons in possession of firearms, receipts and other documents pertaining to the purchase and/or

repair of all these items are located, stored, or contained at, in or about the above-described vehicle. Therefore, I respectfully request this Court to issue a search warrant for the black BMW, WV Registration 1JY401, VIN #WBAPK5C58AA646568, registered to Jennifer Allen at 13 Riverside Drive, South Charleston, West Virginia 25303.

Further, your affiant sayeth naught.

_____
G. ROBERT CUNNINGHAM
Special Agent
Bureau of Alcohol, Tobacco and Firearms

Sworn to before me, and subscribed in my presence, this _____ day of February, 2014.

_____
DWANE L. TINSLEY
United States Magistrate Judge

# List of items seized

1. One (1) Browning, .22 caliber Long Challenger II pistol, Serial Number: 6559W23227, loaded with .22 caliber ammunition
2. One (1) Taurus, model PT-25 pistol, Serial Number: DR122032, with one (1) loaded magazine
3. One (1) Smith & Wesson. ,38 caliber Air weight revolver, Serial Number: J882526, loaded with ammunition
4. One (1) Colt, Single Action Frontier, .22 caliber revolver, Serial Number: 1040A5
5. One (1) Colt, Single Action Frontier, .22 caliber revolver, Serial Number: 343765
6. One (1) loaded 9 millimeter pistol magazine
7. Two (2) boxes of .25 auto ammunition
8. One (1) box of "Mag Tech" .38 caliber ammunition
9. One (1) Ruger, model: M77 Mark II, 300 Winchester Magnum rifle, serial number: 785-36857, with scope

-------------------------------------------------------------
G. Robert Cunningham
ATF Special Agent