| INCIDENT NUMBER: | Charleston Police Department | ORI # |
|---|---|---|
| I13091219 | | WV0200200 |
| | INCIDENT REPORT | |
| | NARRATIVE | |
| | NARRATIVE | ☐ JUVENILE |

**NARRATIVE TITLE:**

**NARRATIVE:**

ON THE 12TH OF SEPTEMBER 2013 WHILE WORKING FOR THE CHARLESTON POLICE DEPARTMENT SPECIAL ENFORCEMENT UNIT IN A PLAIN CLOTHES CAPACITY DRIVING AN UNMARKED VEHICLE DETECTIVE WHITTINGTON AND I OBSERVED A BLACK BMW SITTING AT THE RED LIGHT AT LEE AND PENNSYLVANIA. AS WE PULLED BESIDE THE VEHICLE THE TINT APPEARED TO BE ILLEGAL. THE DRIVER SIDE WINDOW WAS HALF WAY DOWN. I COULD SEE THAT THE DRIVER HAD HIS CELL PHONE IN HIS HAND AND APPEARED TO TEXTING. WHEN THE LIGHT TURNED GREEN THE VEHICLE PROCEEDED THROUGH THE INTERSECTION AND CONTINUED DOING SOMETHING ON THE PHONE.

I RAN THE REGISTRATION THROUGH METRO AND ASKED IF THEY HAD AN EAST END LINE CAR AVAILABLE FOR A TRAFFIC STOP. METRO STATED THAT THE CAR WAS REGISTERED TO A FEMALE WITH A SOUTH CHARLESTON ADDRESS. CAR 205 (PTLM. REDDEN) ADVISED THAT SHE WAS IN THE 1800 BLOCK OF QUARRIER STREET AND WOULD ASSIST. DETECTIVE WHTTINGTON AND I FOLLOWED THE VEHICLE UNTIL PTLM. REDDEN CAUGHT UP AND CONDUCTED A TRAFFIC STOP ON THE VEHICLE AT THE INTERSECTION OF RUFFNER AVE AND JACKSON STREET.

DETECTIVE WHITTINGTON AND PTLM. REDDEN APPROACHED THE DRIVER SIDE OF THE VEHICLE AND MADE CONTACT WITH THE DRIVER. PTLM. MCMIKEN AND I APPROACHED THE PASSENGER SIDE. WHILE STANDING AT THE PASSENGER SIDE OF THE VEHICLE I OBSERVED WHAT APPEARED TO BE MARIJUANA SHAKE ON THE TOP OF A POP CAN IN THE CUP HOLDER ATTACHED TO THE DASH OF THE CAR. I LOOKED OVER TO DETECTIVE WHITTINGTON AND ADVISED HIM THAT I BELIEVED THERE WAS MARIJUANA ON THE RIM OF A POP CAN IN THE CAR AND THAT WE SHOULD GET HIM OUT AND TALK TO HIM. I WALKED AROUND THE FRONT OF THE VEHICLE AND OPENED THE DRIVERS DOOR WHILE ASKING THE DRIVER TO STEP OUT OF THE VEHICLE.

AS THE DRIVER IDENTIFIED AS REGINALD BENNETT BEGAN TO STEP OUT HE PLACED HIS LEFT ARM AND LEG OUT AND THEN REACHED DIRECTLY UNDER THE DRIVERS SEAT WITH HIS RT HAND. DETECTIVE WHITTINGTON IMMEDIATELY GRABBED BENNETT'S LEFT ARM AND WE BOTH BEGAN GIVING HIM COMMANDS TO PUT HIS HAND UP. I WALKED AROUND THE DRIVERS DOOR AND GRABBED BENNETT, DETECTIVE WHITTINGTON AND I WERE ABLE TO REMOVE HIM FROM THE CAR AND DIRECT HIM TO PLACE HIS HANDS ON THE ROOF OF HIS VEHICLE. WHILE DOING THIS PTLM. REDDEN HAD WALKED IN BEHIND ME. I HEARD HER SAY "THERE'S A GUN UNDER THE SEAT". DETECTIVE WHITTINGTON AND I IMMEDIATELY HANDCUFFED BENNETT.

I ASKED BENNETT IF HE HAD A CONCEALED CARRY PERMIT FOR THE FIRE ARM UNDER THE SEAT, HE STATED "NOT FOR THAT". THE REST OF THE VEHICLE WAS SEARCHED BUT NO OTHER WEAPONS OR CONTRABAND WERE FOUND. WHILE TALKING TO BENNETT HE STATED SEVERAL TIMES THAT HE WAS NOT A FELON AND HAD NEVER BEN IN TROUBLE. BENNETT STATED AT ONE POINT "I OWN THREE BUSINESS'S, ONE IS A STORE AND I KEEP IT THERE TO PROTECT THE STORE". WE EXPLAINED TO BENNETT THAT HE WAS BEING CHARGED WITH CARRYING A CONCEALED WEAPON AND THAT WE WERE GOING TO TRANSPORT HIM TO THE STATION TO PROCESS AND FINGER PRINT HIM AND RUN HIS CRIMINAL HISTORY IF HE WAS NOT A FELON THEN WE WOULD CHARGE HIM THROUGH MUNICIPAL COURT AND HE WOULD BE ABLE TO COME BACK AND GET HIS VEHICLE.

ONCE AT THE STATION BENNETT'S CRIMINAL HISTORY WAS RAN, A CONVICTION FOR ARMED ROBBERY OUT OF THE STATE OF MARYLAND IN 1994 WAS FOUND. WHEN BENNETT WAS TOLD THAT HE WAS A CONVICTED FELON HE STATED "IT DOES'NT MATTER IT WAS TWENTY YEARS AGO". BENNETT WAS TRANSPORTED TO MAGISTRATE COURT FOR ARRAIGNMENT BY DETECTIVE WHITTINGTON AND I. WHILE BEING ARRAIGNED BENNETT TOLD MAGISTRATE SISSON THAT HIS CONVICTION WAS OVER TWENTY YEARS AGO AND THAT HE ONLY KEEPS

Version #: Rev. 1 (7/08)                                                        Page 2 of 4

DEFENDANT'S
EXHIBIT
Reginald Bennett
CASE NO. 2:13cr-320
5-8-14
EXHIBIT NO. 2

# CHARLESTON POLICE DEPARTMENT
## GENERAL INVESTIGATIVE SUPPLEMENTARY REPORT
## CPD 102

PAGE ___ OF ___

| INCIDENT NUMBER | VICTIM | DATE | TIME |
|---|---|---|---|
| | | | |

THE GUN BECAUSE HE OWNS A STORE IN CEDAR GROVE. MAGISTRATE SISSON SET A $300 CASH BOND. BENNETT WAS THEN TRASNSPORTED TO THE JAIL BY T-2. WHILE AT THE STATION DETECTIVE WHITTINGTON PROCESSED THE GUN AND PLACED IT INTO EVIDENCE. AT THIS TIME BENNET HAS BEEN CHARGED WITH BEING A FELON IN POSSESSION OF A FIREARM. NFI AT THIS TIME.

DETECTIVE O. B. MORRIS
4446

| PRINTED NAME OF REPORTING OFFICER | PAYROLL | SIGNATURE OF APPROVING SUPERVISOR | PAYROLL |
|---|---|---|---|
| SIGNATURE OF REPORTING OFFICER | | ENTERED BY | PAYROLL |

BENNETT-00018