# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:13-00320

REGINALD B. BENNETT
JENNIFER S. ALLEN


### NOTICE OF INTENTION TO USE EVIDENCE

The United States of America, by Erik S. Goes, Assistant United States Attorney for the Southern District of West Virginia, files this notice of its intent to introduce at trial in its case-in-chief phone calls from defendant, Reginald B. Bennett, to co-defendant, Jennifer S. Allen from December 20, 2013 to, at least, March 2014. In support hereof, the United States offers the following:

## I.   PROCEDURAL BACKGROUND

Defendant was indicted by federal grand jury on December 17, 2013, on a single-count of being a felon in possession of a firearm. At a prior motions hearing, the United States informed the Court of its decision to not introduce any phone calls made by defendant to Jennifer S. Allen during its case-in-chief.

In May 29, 2014, a federal grand jury indicted co-defendant, Jennifer S. Allen, and added two charges against

defendant Reginald B. Bennett.  These charges were an additional count of defendant Bennett being a felon in possession, and a count of conspiracy to destroy and conceal evidence for both defendants, Reginald B. Bennett and Jennifer S. Allen.

With the addition of this conspiracy count, defendant's phone calls are now both relevant to the United States case-in-chief and also material for an element of the offense.  The United States therefore notices its intention to introduce certain calls in its case-in-chief.

## II.  CONTROLLING LEGAL PRINCIPLES AND ISSUES

These phone calls are both admissible under the Federal Rules of Evidence and relevant to elements before the Court. They are not hearsay pursuant to Federal Rule of Evidence 810(d)(2)(E).  Also, the phone calls are excludable by the Confrontation Clause of the Sixth Amendment.

### A.    The phone calls are not hearsay.

As an exception to the hearsay rule, Fed. R. Evid. 801(d)(2)(E) provides for the admission of statements made during the course and in furtherance of the conspiracy. For this exception to apply, the United States must show by a preponderance of the evidence that: (1) there was a conspiracy involving the declarant and the party against whom admission of the evidence is sought; and (2) the statements at issue were

**2**

made in furtherance and in the course of that conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *United States v. Smith*, 441 F.3d 254, 261 (4th Cir. 2006).

The first criterion is satisfied by the facts of the case, which show the existence of a conspiracy between the two defendants.[1] In Count Three of the Superseding Indictment, Defendant Bennett is charged with Conspiracy to Destroy and Conceal Evidence, namely a Black BMW 328i automobile and the firearms it contained. His co-conspirator is Defendant Allen. When determining whether a conspiracy existed, the Court may consider all evidence before it, including the co-conspirator statements sought to be admitted. *Bourjaily* at 176-181; *United States v. Shores*, 33 F.3d 438, 442 (4th Cir. 1994).

The second criterion is also satisfied here, as the statements in question show a furtherance of the conspiracy. The Fourth Circuit construes the furtherance requirement broadly, allowing even casual relationships to satisfy the requirement. *United States v. Smith*, 441 F.3d at 262. Given the conspiracy between the defendants, their relationship was significantly

---

[1] An uncharged member of the conspiracy is speaking on at least two of the phone calls. The uncharged member does not change the calculus for the admission of these statements. *United States v. American Waste Fibers Co.*, 809 F.2d 1044, 1046 (4th Cir. 1987). (There is no requirement that a conspiracy name co-conspirators.)

more than casual. In addition, while statements made during "idle conversation" are not in furtherance of a conspiracy, this exception has been construed narrowly. *United States v. Urbanik*, 801 F.2d 692, 695-98 (4th Cir. 1986); *United States v. Howard*, 115 F.3d 1151, 1156 (4th Cir. 1997).

Here, the co-conspirators' conversations were more than merely idle since they directly led to the concealing of evidence. Furthermore, the fact that Defendant Bennett was incarcerated during the conversations does not mean he had withdrawn from the conspiracy, as there is no evidence he acted to defeat or disavow the purposes of the conspiracy. *United States v. West*, 877 F.2d 281, 289 (4th Cir. 1989).

B.    **The Statements are Admissible Under the Confrontation Clause of the Sixth Amendment.**

These statements are admissible under the Confrontation Clause of the Sixth Amendment, as interpreted by both *Bruton* and *Crawford*. The United States Supreme Court in *Bruton* held that the Confrontation Clause is violated by the admission of a nontestifying co-defendant's confession that names the defendant as a participant. *Bruton v. United States*, 391 U.S. 123, 135-36 (1968); however, the *Bruton* rule does not apply if the statements are admissible under the co-conspirator exception to the hearsay rule. *See Id.* at n.3; *see, e.g., United States v.*

*Shores*, 33 F.3d at 442-44; *United States v. Brooks*, 957 F.2d at 1146. As shown above, the statements in question fall within the co-conspirator exception and thus pose no constitutional issues under *Bruton*.

Not only are the statements constitutional under *Bruton*, they also survive scrutiny under *Crawford* because they are not testimonial in nature. In *Crawford*, the United States Supreme Court held that the Confrontation Clause prohibits the admission of out-of-court statements that are testimonial, unless the declarant is not available to testify and the defendant had a prior opportunity for cross-examination. *Crawford V. Washington,* 541 U.S. 36, 51, 53-54 (2004). The Court found that testimonial statements include police interrogations and prior testimony given at a previous hearing or trial. *Id.* at 51-52.

The Court explicitly stated that remarks made in furtherance of a conspiracy are **not** testimonial in nature. *Crawford* 541 U.S. at 56 (emphasis added). As noted above, the statements in question further the Defendants' conspiracy. Therefore, under *Crawford*, the conversations are non-testimonial and do not violate the Confrontation Clause.

In a recent decision that resembles the present case, the Fourth Circuit found that recorded telephone calls between co-conspirators were admissible under the Federal Rules of Evidence

and the Sixth Amendment. In *United States v. Jones*, a defendant challenged the admission of three prison telephone calls that were recorded by the correctional center where the defendant's co-conspirator was incarcerated. 716 F.3d at 855-56. The conversations took place between the defendant, the defendant's co-conspirator, and the defendant's uncle. During these calls, the defendant's uncle instructed the defendant's co-conspirator to deny the existence of a conspiracy.

At trial, defense counsel objected that the statements made by defendant's uncle and defendant's co-conspirator were inadmissible hearsay, but the trial court admitted the statements under the co-conspirator exception pursuant to Fed. R. Evid. 801(d)(2)(E). On appeal, the defendant proceeded to challenge the admission of the statements by arguing that they were testimonial in nature and therefore in violation of the Confrontation Clause. The Fourth Circuit affirmed the admission. The Court held that the declarants never demonstrated an intent to bear witness against the defendant. The Court reached this conclusion even though the declarants knew the phone calls were being recorded, finding that "just because recorded statements are used at trial does not mean they were 'created for trial'." *Jones*, 716 F.3d at 856. Indeed, the Fourth Circuit reasoned that a co-conspirator, speaking in furtherance of a conspiracy,

would not intend their statements to be used at trial since such testimony would incriminate the co-conspirator in the scheme. Thus, the prison telephone calls were not testimonial, so their admission was appropriate under Fed. R. Evid. 801(d)(2)(E) and the Confrontation Clause. *Id.* at 855-56.

The instant case parallels the *Jones* decision. The United States seeks to admit recordings of prison telephone calls. Similar to *Jones*, the calls involve the defendant and his co-conspirator, and the statements were made in furtherance of the defendants' conspiracy. The statements in this case should overcome any potential objections based on the Federal Rules of Evidence and the Sixth Amendment.

## III. <u>SUMMARY</u>

The United States respectfully requests the admission of the recorded phone calls at trial.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney


s/Erik S. Goes
ERIK S. GOES
Assistant United States Attorney
WV State Bar No. 6893
300 Virginia Street, East
Room 4000
Charleston, West Virginia  25301
Telephone:  304-345-2200
Fax:  304-347-5705
E-mail: erik.goes@usdoj.gov

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "NOTICE OF INTENTION TO USE EVIDENCE" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 25th day of July, 2014 to:

Brian D. Yost
Holroyd & Yost
209 West Washington Street
Charleston, WV  25302

John R. Mitchell
John R. Mitchell, L.C.
206 Berkeley Street
Charleston, WV 25301

s/Erik S. Goes
ERIK S. GOES
Assistant United States Attorney
WV State Bar No. 6893
300 Virginia Street, East
Room 4000
Charleston, West Virginia  25301
Telephone:  304-345-2200
Fax:  304-347-5705
E-mail: erik.goes@usdoj.gov