EXHIBIT 2

# UNITED STATES PROBATION OFFICE
# SOUTHERN DISTRICT OF WEST VIRGINIA

# MEMORANDUM

TO: The Honorable Thomas E. Johnston
U.S. District Judge

FROM: Michele L. Jones
U.S. Probation Officer

DATE: January 30, 2014

SUBJECT: Reginald Bennett
Docket Number: (0425) 2:13CR00320-1



===================================================================

As directed by the court, this officer conducted a home inspection at the residence of the defendant's girlfriend, Jennifer Susan Allen. The residence is a two-level house with a basement, which is located on the river in South Charleston, West Virginia. Prior to his current incarceration, Ms. Allen stated the defendant did not reside in her home. Since he may reside with her if he is released, Ms. Allen reportedly retrieved some of the defendant's belongings from his home. The probation officer observed several black trash bags full of (unknown) items on the first level of the house, which Ms. Allen stated belonged to the defendant. The second floor of the residence includes Ms. Allen's bedroom, a bathroom, and a spare bedroom, which Ms. Allen uses for storage. The spare/storage room is completely full of items, Ms. Allen reported belonged to her deceased parents, and it is not possible to walk through the room. The basement is also full of furniture and miscellaneous items belonging to Ms. Allen's deceased parents, and the only walking area is from the steps to a washing machine and dryer. This walkway is also lined with newspaper for Ms. Allen's dog, a full-grown boxer, to use the restroom while she is at work. Ms. Allen reported she is a registered nurse at Thomas Memorial Hospital, where she generally works 12-hour shifts on Mondays, Tuesdays, and Wednesdays.

Ms. Allen's personal vehicle, a black Mercedes Benz, was parked alongside the residence. Ms. Allen stated the vehicle she purchased for the defendant to drive, a BMW, has been parked in the parking garage at Thomas Memorial Hospital to prevent someone from breaking into the vehicle. Ms. Allen also has a security system for her home, as well as nonfunctional security cameras, to deter anyone from attempting to break into her home. Although she does not currently have a land line telephone, Ms. Allen agreed she would have one installed if so required to permit the defendant to be released to her home. Ms. Allen stated he has no weapons in the residence and none were observed by the probation officer. Ms. Allen further reported she had several firearms she had inherited from her father which she gave away prior to the defendant's being arrested in the instant offense. She is currently attempting to sell a muzzle loader, and it is not currently in the home.

Regarding the defendant's personal residence, Ms. Allen reported the water pipes busted after the defendant was detained and the residence is currently uninhabitable. Ms. Allen stated the electricity has also been shut off. As a result of this information, the probation officer did not conduct a home visit on the defendant's personal residence.

When the defendant first relocated to West Virginia, he was being supervised on parole via interstate compact from Maryland. According to his former parole officer who is now a USPO, Justin Gibson, the defendant frequently failed to report as directed and he often did not pay his supervision fees, citing

problems with transportation and financial difficulties. This officer was unable to obtain the defendant's records from parole storage prior to the submission of this memorandum.

The probation officer continues to recommend detention in this case for the reasons stated in the pretrial services report. However, if the Court should release the defendant on bond, the probation officer respectfully requests location monitoring be a condition of said bond.


C: Pretrial Services Report